**Opinion filed November 3, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00029-CR
_____

## TIMOTHY JOHN MORRIS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. 13929O**

## M E M O R A N D U M   O P I N I O N

The jury convicted Timothy John Morris of the offense of engaging in organized criminal activity by conspiring to deliver more than 400 grams of methamphetamine. The trial court assessed punishment at confinement for fifty years and a fine of $20,000. We affirm.

Appellant has briefed three points of error. In the first point, appellant complains of prosecutorial misconduct and the violation of appellant's right to due process. In the second point, appellant complains of judicial misconduct violating appellant's rights under the Fifth Amendment. In his final point, appellant contends that the trial court abused its discretion in

dealing with a possible violation of "the Rule." *See* TEX. CODE CRIM. PROC. ANN. arts. 36.03, .05, .06 (West 2007); TEX. R. EVID. 614.

In his first point, appellant complains that the prosecutor improperly misled the jury when he asked Agent Darla Dowell the following questions:  "You didn't buy from Tim Morris because he was already gone, right?" and "It was impossible, wasn't it?"  Appellant also complains of inconsistencies in Daria Price's testimony and in pictures of Price that were introduced into evidence.  Appellant did not object to any of these items at trial.  Therefore, he has not preserved his complaint for appellate review.  TEX. R. APP. P. 33.1.  Appellant's first point of error is overruled.

In his second point, appellant contends that his Fifth Amendment rights were violated by the trial court's threat to give him a more severe sentence if he did not "come clean" and admit his guilt.  The record from the punishment hearing does not support appellant's contention.  The Fifth Amendment prohibits increased sentences due to an accused's refusal to testify.  It also prohibits an accused from being compelled to testify against his will at the sentencing hearing. *Estelle v. Smith*, 451 U.S. 454, 463 (1981).

The record in this case shows that, at the end of the punishment phase of trial and after the trial court had sentenced appellant, the trial court explained its reasons for assessing a fifty-year sentence and encouraged appellant to live the remainder of his life productively.  In relevant part, the trial court's comments read as follows:

> Mr. Morris, it gives me no great pleasure to send people to prison under these circumstances.  And in assessing punishment, I considered several matters . . . .
>
> Another factor that I consider is -- call me old fashioned, but to receive consideration, you need to accept responsibility; and you still haven't quite done it. . . .
>
> And I don't know if you were given an opportunity to do that or not, but you chose to testify in this punishment phase of the trial, and you still don't admit the true depth and breadth of your responsibility as presented by the evidence in this case.

These statements did not threaten a lengthier sentence.  When the trial court made these statements to appellant, appellant had already voluntarily waived his Fifth Amendment right not to testify and had testified at the punishment phase of trial.  Also, his punishment had already

been assessed at the time of the comments. Appellant was not compelled to be a witness against himself, and his Fifth Amendment rights were not violated. The second point of error is overruled.

In his final point, appellant contends that the trial court abused its discretion in failing to talk to Price's mother and attorney regarding the possible violation of "the Rule" by Price. The record shows that, when Price was called to testify, appellant approached the bench to discuss the possible violation and asked the trial court to determine "if her family has shared any notes [of the testimony] with her." Appellant thought that one of the women with Price had been taking notes. The record shows that the trial court inquired of Price whether she had heard the instructions about not discussing testimony or comparing notes with anybody. Price indicated that she heard the trial court's admonishment. The trial court then inquired about Price's mother taking notes. Price stated that her lawyer, not her mother, was taking notes and that they had not relayed any conversation or testimony from the courtroom. Price stated that she had not violated "the Rule." The trial court did not ask Price's mother or Price's attorney whether they had relayed any information to Price, and appellant did not request that the trial court discuss the matter with either of them.

We cannot hold that the trial court abused its discretion in failing to question Price's mother or attorney. The trial court addressed the matter directly with Price, and she informed the trial court that she had not violated the trial court's instructions under "the Rule." The trial court was not required to inquire further, and appellant has not shown what either Price's mother or attorney would have stated had they been questioned. The record does not indicate that "the Rule" was violated. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE

November 3, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

3